## KING v. UNITED STATES et al.

### No. 13596.

District Court, E. D. New York.

April 12, 1938.

Harold St. L. O'Dougherty, U. S. Atty., of Brooklyn, N. Y. (Harry J. Hanna, Sp. Asst. to U. S. Atty., of New York City, of counsel), for respondents.

Edward A. Vosseler, of New York City (Purdy, Mason & Lamb by Edmund F. Lamb, all of New York City, of counsel), for libelant.

ABRUZZO, District Judge.

This action is to recover damages for personal injuries sustained by libelant while working on board the steamship West Calumb on July 29, 1922, some sixteen years ago. It is conceded by the respondents that the action is properly before this court.

The libelant, at the time of the accident, was ordered into one of the holds of the steamship West Calumb to clear away

certain débris and rubbish. Coming out of the hold, libelant stood on a hook, attached to the cable of the boom, and was being hoisted out when his accident occurred. A winchman was operating the winch to which this fall was attached. The libelant testified that at first the winch started the cable and hook with a jerk, but then ran smoothly. The hook libelant was standing on reached the deck, the winch stopped suddenly with a jerk, causing the libelant to be precipitated down into the hold. The sudden and violent jerk caused the libelant to release his grasp.

It appears from the evidence that a ladder extended from the deck of the ship to the hold below. It could have been used to descend into or ascend out of this hold.

Two issues are thus presented. First, Was the employment of libelant such that he was entitled to the benefits of the Jones Act, 46 U.S.C.A. § 688? He would have to be a seaman to come within the purview of that act. Second, Was there negligence on the part of the defendant, causing this accident?

The steamship West Calumb belonged to a series of vessels which constituted the Laid-up Fleet. It was not in navigation at the time of the employment of this libelant. The respondents assert that the libelant was only a civil employee of the United States of America and not a seaman, in that the employment was not of a maritime nature or character.

The respondents cite the case of Gonzales v. Fleet Corporation, D.C., 3 F.2d 168, in support of that contention. Gonzales was employed on a collection of Laid-up Fleet vessels, withdrawn from navigation. He was, therefore, not a seaman but a civil employee. He was not entitled to the benefits of the Jones Act, supra.

The libelant cites the case of Hunt v. United States, D.C., 17 F.Supp. 578, affirmed per curiam by the Circuit Court of Appeals, Second Circuit, 91 F.2d 1014, in support of his contention that he is a seaman and comes within the Jones Act.

Hunt was a member of the crew, hired as a seaman. When the vessel arrived in port, he was paid off and rehired for the time the ship went to drydock for repairs. It was understood that the ship would make another voyage as soon as the repairs were completed and that it was mere-ly laid up in preparation for a long voyage. While the vessel was laid up for repairs, Hunt was injured. The court held he was a seaman and entitled to the benefits of the Jones Act. The facts of the Hunt Case are clearly distinguishable from those of the case at bar.

Libelant comes squarely within the Gonzales Case. He was not a seaman and consequently does not come within the Jones Act, 46 U.S.C.A. § 688.

On the issue of negligence the libelant has the burden of proof. The claim is made that the sudden stopping with a jerk of the winch when the libelant, standing on the hook, was about even with the deck of the ship, caused him to release his grasp, as a result of which he fell.

Libelant knew, of course, that winches do not start nor stop without some measure of vibration. There could not be any negligence on the part of the respondents unless the winch stopped with a sudden and violent jerk. The court is not convinced that the winch was stopped with such a sudden and violent jerk that it amounted to negligence. Thus, the libelant has not sustained the burden of proof cast upon him.

It is, therefore, directed that a judgment be entered in favor of the respondents.